UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STUART P. FLEISCHER, et al.,

                      Plaintiffs,                  **DECISION AND ORDER**

     - v -

                                                      CV-03-3386 (JG)(VVP)

ATLANTIC CITY SHOWBOAT, INC., et al.,

                      Defendants.
-----------------------------------------------------------------x

        The defendants have moved to dismiss the complaint because of the plaintiffs' failure to appear for depositions despite a court order. The essential facts are not in dispute. The plaintiffs brought this action in 2003 in state court alleging personal injuries suffered by both plaintiffs as a result of falls in the bathtub in their room at the defendants' hotel where they were guests. The case was removed to this court by the defendants, who then announced that they would be seeking to dismiss the case on jurisdictional grounds. They sought a premotion conference with Judge Gleeson, and were given leave to serve and file the motion. After delaying for more than a year, however, the defendants eventually decided not to make the motion and a scheduling order for discovery and pretrial proceedings was entered in June 2005. The order contemplated that factual discovery would be completed by September 30, 2005.

        Shortly before the discovery deadline, however, the defendants sought the court's intervention because they had been unable to schedule the depositions of the two plaintiffs. At a conference on October 7, 2005, counsel for the plaintiffs acknowledged that he had been unable to produce his clients, who live in Florida, for a deposition because of the plaintiff Norma Fleischer's medical difficulties and the accompanying emotional strain on her husband, the co-plaintiff, Stuart Fleischer. The court accordingly entered an order requiring the plaintiffs to

appear for their depositions and for medical examinations by the defendants' expert physicians by January 1, 2006, with the caveat that "[f]ailure to appear for their depositions and examinations as directed herein will serve as grounds for the entry of an order dismissing their complaint." At a conference on January 10, 2006, the defendants informed the court that the plaintiffs had not appeared despite the order, and indicated their desire to make the instant motion.

There is ample authority for dismissal of a complaint when a plaintiff fails to provide court-ordered discovery. *See, e.g., Valentine v. Museum of Modern Art*, 29 F.3d 47, 49-50 (2nd Cir. 1994). When confronted with such a motion, the court is required to consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. . . . Generally, no factor is dispositive.

*Spencer v. Doe*, 139 F.3d 107, 112-13 (2nd Cir. 1998) (citations omitted).

Upon consideration of those factors, the court does not find dismissal appropriate at this point. Although not insubstantial, the duration of the plaintiffs' failure to appear for depositions despite a court order is less than six months, and the explanation offered for the delay, if true, provides adequate justification for the delay. Although the plaintiffs were clearly on notice of the potential consequences of failing to appear, the defendants have not made any showing that they have been prejudiced thus far by the delay. In any event, in light of the delay their own actions have caused, which far exceeds the delay occasioned thus far by the plaintiffs, they would be hard pressed to lay blame for any prejudice on the plaintiffs. The court's interest in moving this case

to conclusion is, at this point, outweighed by the plaintiffs' interest in having an opportunity to present their case. Finally, although there does not appear to be any sanction short of dismissal that can cure the plaintiffs' failure to appear for depositions, given the explanation for their failure to appear, the sanction of dismissal is premature.

The court's decision rests entirely on the asserted medical and emotional difficulties that the plaintiffs are suffering, for which the plaintiffs have offered no support other than their counsel's Declaration. See Declaration of John Dunne, Feb. 24, 2006, ¶¶ 5-8. In the Declaration, counsel requests an additional 90 days within which the plaintiffs may appear for their depositions. This additional period of time is not unreasonable, provided that the plaintiffs submit to the court medical evidence of the difficulties which they have asserted as their reasons for failing thus far to appear. Accordingly, the time for the plaintiffs to appear for their depositions will be extended to June 20, 2006 if they provide such evidence within 30 days. If such evidence is not provided within 30 days, however, the court will reconsider whether dismissal of the plaintiffs' claims is appropriate.

The next conference will be held by telephone on **April 21, 2006 at 2:30 p.m.,** to be initiated by counsel for the plaintiffs **(Chambers: 718-613-2400).**

        **SO ORDERED:**

        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated:   Brooklyn, New York
           March 21, 2006